FILED _____ ENTERED
_____LODGED _____RECEIVED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

AUG - 9 2005

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

MONICA GANT,                        *

    Plaintiff                    *

       vs.                       *        Case No. **RWT-03-2803**

CHANDER KANT, et al.,

    Defendants                   *

               ********

## MEMORANDUM OPINION

On June 28, 2005, the Court, after being informed that the parties had reached a settlement

agreement, entered a Local Rule 111 Order dismissing the case without prejudice to the right of

either party to move for good cause to reopen the action within 30 days.  On July 27, 2005,

Defendants filed a Motion to Reopen and, in the same document, a Motion for Sealing of the Motion

to Reopen.  In response to those combined motions, Plaintiff filed a Motion for Settlement

Agreement and Opposition to Motion to Re-Open Action [Paper No. 128].  On July 28, 2005,

Defendants filed a Notice of Appeal to the Fourth Circuit of the Court's June 29th Order [Paper No.

127], specifically referencing the text of the Rule 111 Order.  Defendants, in their Notice of Appeal,

explained that the appeal was filed because there was "no authority clearly stating whether their

Motion to Reopen Action falls within the scope of Rule 4(a)(4)(A) of Federal Rules of Appellate

Procedure."  On August 4, 2005, Defendants filed another copy of their Motion to Reopen and

Motion to Seal, as well as a Supplement to the Motion to Reopen. Having considered all of these documents, the Court now rules, no hearing being deemed necessary. Local Rule 105.6.

Defendants' purported reason for moving to seal the Motion to Reopen Action was the presence of information concerning "settlement negotiations." See D's Mot. at 1, n.1. Presumably, Defendants' argument is based loosely on Federal Rule of Evidence 408, which generally precludes the admission into evidence of settlement talks *as a means of proving liability*. This Rule, however, has no applicability in this matter. The actual amount or specifics of the failed settlement is not relevant to the disposition of the Motion to Reopen because that motion concerns the issue of the authority granted to the Defendants' attorneys. Accordingly, that portion of Defendants' Motion consisting of a Motion to Seal will, by a separate order, be denied.

Defendants' Motion to Reopen Action, Supplemental Motion to Reopen Action, and Plaintiff's combined Opposition thereto and Motion for Settlement Enforcement remain pending. Defendants, however, have filed a Notice of Appeal specifically referencing the Court's Rule 111 Order. As the Motion to Reopen Action is effectively a motion to set aside the Rule 111 Order, and that is the very scope of the appeal, the Court is divested of jurisdiction to rule on the Motion to Reopen Action. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). Accordingly, that portion of Defendants' Motion consisting of a Motion to Reopen Action, Defendant's Supplemental Motion to Reopen Action, and Plaintiff's Motion for Summary Enforcement and Opposition to Motion to Reopen Action will all, by a separate order, be denied without prejudice to renew such motions after the pending appeal has been

2

concluded.

August 9, 2005
Date

ROGER W. TITUS
UNITED STATES DISTRICT JUDGE